UNITED STATES, Appellee

v

GUY E. HARKCOM, Sergeant First Class, U. S.
Army, Appellant

12 USCMA 257, 30 CMR 257

■■■

Decided March 24, 1961

*Lieutenant Colonel Ralph W. Wofford* and *First Lieutenant David M. Gill* were on the brief for Appellant, Accused.

*Lieutenant Colonel James G. McConaughy* and *First Lieutenant Jerome Nelson* were on the brief for Appellee, United States.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

Accused was arraigned and tried by general court-martial for the attempted rape of a nine-year-old girl, the rape of another child aged four, and two counts of kidnaping, in violation of Articles 80, 120, and 134, Uniform Code of Military Justice, 10 USC §§ 880, 920, and 934, respectively. The evidence of his guilt was compelling and despite his plea to the contrary, he was convicted as charged. The court-martial imposed a sentence to dishonorable discharge, total forfeitures, reduction to the lowest enlisted grade, and confinement at hard labor for life. The convening authority and a board of review in the office of The Judge Advocate General of the Army affirmed the findings and sentence, and thereafter accused filed his petition for grant of review here. Because two of the assignments of error by appellate defense counsel involved essentially the same issue then pending before this Court in the cases of United States v Picotte, 12 USCMA 196, 30 CMR 196, and United States v Wright, 12 USCMA 202, 30 CMR 202, recently decided, we elected to entertain accused's appeal.

A narration of the details of these shocking crimes is unnecessary to a proper disposition of the questions before us. The two granted issues concern the offenses of kidnaping, and it is sufficient for the purpose of our inquiry to note the record reflects that on each of two occasions, accused, at Fort Dix, New Jersey, forcibly abducted a child. In one instance, he drove his victim off the base to another point in the State of New Jersey; in the second, he did not leave the Fort Dix reservation but transported the other child in his automobile to a secluded area of the post.

The defense asserts first that Article 97, Uniform Code of Military Justice, 10 USC § 897, proscribes this misconduct and therefore the court was permitted to consider an erroneous theory that the New Jersey statute which proscribes forcible kidnaping (New Jersey Statutes Annotated, § 2A:118–1, Perm ed, 1953) was properly assimilated under section 13 of Title 18, United States Code, and triable as an offense under the General Article. Obviously that assignment of error must be overruled as we rejected the same argument in the *Picotte* and *Wright* cases, supra.

Petitioner's second contention is that Title 18, United States Code, section 1201, commonly known as the Lindbergh Act, applies to the crime in which accused transported his victim off the military reservation, and thus precludes assimilation of New Jersey law. This argument must likewise fail. The facts in *Picotte* and *Wright* are the same; there, too, the victim was transported off the post after his abduction, but we affirmed. And certainly we did not fail to consider the provisions of 18 USC § 1201, supra, for in United States v Picotte, supra, we adverted to them, noting that they make kidnaping an offense "when transportation across state lines is involved." 12 USCMA at page 198. See Title 18, section 10, United States Code. Since in the

present instance, just as in the recently decided cases, there was no transportation in interstate commerce, the Lindbergh Act obviously has no application.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge FERGUSON concur.