UNITED STATES, Appellee

v

FRED L. JACKSON, Private First Class,
U. S. Marine Corps, Appellant

17 USCMA 580, 38 CMR 378

*Frank J. McGee, Jr., Esquire,* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant J. Arthur Bruno,* USNR.

*Lieutenant H. L. Moore,* USNR, argued the cause for Appellee, United States. With him on the brief were *Captain R. S. Gasiorowski,* USMCR, and *Lieutenant William A. Carnahan,* USNR.

## Opinion of the Court

QUINN, Chief Judge:

A general court-martial convened at Dong Ha, Republic of Vietnam, convicted the accused of a number of violations of the Uniform Code of Military Justice, and sentenced him to a dishonorable discharge, confinement at hard labor for two years, and accessory penalties. With some modification of the findings of guilty and the sentence, intermediate appellate authorities affirmed. On this appeal, the accused contends the law officer committed prejudicial error in his instructions on the sentence.

As the result of a series of incidents in the village of Pho Hoi, a number of charges were laid against the accused. Among the charges were two specifications of kidnaping.[1] The evidence indicates that, at rifle and bayonet point, the accused and two companions forced three male villagers to accompany them from house to house in search of a girl. Failing in their purpose, the accused and one of his companions decided to return to their camp, which they had left without authority. They forced the villagers to guide them back to the camp. Rather than risk being shot while attempting to cross the camp perimeter in the dark, they tied up the Vietnamese and, using one of them as a pillow, went to sleep. Awakening at dawn, they untied and released the Vietnamese and entered the camp.

At an out-of-court hearing, the law officer and counsel reviewed the maximum legal sentence for each offense of which the accused was convicted. Trial counsel contended that the maximum punishment for kidnaping extended to confinement at hard labor for life. Defense counsel maintained that since kidnaping is not listed in the Table of Maximum Punishments, the punishment for the offense was limited to that for unlawful detention, in violation of Article 97, Code, supra, 10 USC § 897, which is specified in the Table and carries a maximum confinement of three years, or to the punishment provided by Vietnamese law, which, he represented, authorizes confinement for a period from one to five years. The law officer indicated that, in his opinion, the punishment was limited by the court-martial sentence power under Article 134, Code, supra, 10 USC § 934, and this authorized confinement at hard labor for life. As a result, he instructed the court members that the maximum confinement for all the offenses found included confinement at hard labor for life. The accused challenges the correctness of this instruction. If his contention is sound, maximum confinement for the offenses found would

---

[1] At trial, the Government agreed with defense counsel, and the law officer instructed, that the two specifica-tions were "multiplicious." On initial review, the convening authority set aside one of the specifications.

be somewhat more than sixteen years, not life.

With certain exceptions which need not detain us here, Congress has provided that violation of a punitive article of the Uniform Code shall be punished as a court-martial may direct, but not to "exceed such limits as the President may prescribe for that offense." Code, supra, Article 56, 10 USC § 856. The President has prescribed a specific penalty for most of the common offenses. Manual for Courts-Martial, United States, 1951, Table of Maximum Punishments, paragraph 127c, section A. Offenses not set out in the Table are subject to a general limitation specified in the Manual. Paragraph 127c provides that an offense which does not carry a specific penalty and is "not included within an offense listed [in the Table of Maximum Punishments], or not closely related to either" is "punishable as authorized by the United States Code . . . or the Code of the District of Columbia, whichever prescribed punishment is the lesser, or as authorized by the custom of the service."

No punishment is provided for kidnaping in the Table of Maximum Punishments. In United States v Picotte, 12 USCMA 196, 30 CMR 196, we determined, contrary to the accused's contention, that the penalty prescribed in the Table for unlawful detention, in violation of Article 97, does not limit the punishment for kidnaping under that provision of paragraph 127c which makes the penalty for an offense not listed in the Table the same as for an "included" or "closely related" offense that is set out in the Table. We also determined that the statutory sentence power of the court-martial for kidnaping was not limited by any other offense listed in the Table. Consequently, if there was a limitation on the statutory power its source was the general provision that if the Table is inapplicable, the offense is punishable as authorized by the United States Code or the Code of the District of Columbia, whichever is lesser, or as authorized by the custom of the service. Accordingly, in *Picotte*, we examined the United States and District of Columbia codes. We determined that the United States Code

provided the appropriate punishment reference. The specification alleged that the accused violated the Colorado kidnap statute, which constituted a violation of the Federal Assimilative Crimes Act, 18 USC § 13. The Crimes Act provides that the State penalty for the offense also constitutes the Federal punishment. We, therefore, concluded that, under the Manual provision, the maximum confinement in that case was thirty years, the term prescribed by the Colorado statute. We followed the same reasoning in United States v Harkcom, 12 USCMA 257, 30 CMR 257, which involved kidnaping under New Jersey law as a violation of the Assimilative Crimes Act. Cf. United States v O'Brien, 73 BR 367. Here, the offense was committed in the Republic of Vietnam. Unlike the Assimilative Crimes Act, no statute of the United States adopts the Vietnam penalty for kidnaping. Consequently, the punishment provision of Vietnamese law, relied upon by the accused at trial, did not limit the sentence.

Still left for consideration is whether a limitation of punishment for kidnaping is prescribed by any provision of the United States Code other than the Assimilative Crimes Act or any related provision of the Code of the District of Columbia. Both codes contain kidnaping statutes. The United States Code prohibits the transportation of a kidnaped person in interstate or foreign commerce, 18 USC § 201, and the District of Columbia Code proscribes kidnaping for "ransom or reward or otherwise," District of Columbia Code, 1967 edition, section 22–2101. Each of these statutes authorizes imprisonment for life if the victim is released unharmed. The specification in issue does not allege transportation of the victims in interstate or foreign commerce and contains no averment as to the purpose for which the victims were kidnaped. For this reason, appellate defense counsel contend that neither statute determines the applicable punishment for the accused's offense. In other words, in their view, if a specification does not delineate the precise elements of an offense described in the United States Code or the District of

Columbia Code, these codes cannot be used to measure the maximum punishment. If this view is correct, then the offense remains punishable under Article 134 "as a court-martial may direct," subject to the limitations of the provisions of Article 18, Uniform Code of Military Justice, 10 USC § 818, which permit a general court-martial to "adjudge any punishment not forbidden by this chapter, including the penalty of death when specifically authorized by this chapter," and the provisions of Article 55, Code, supra, 10 USC § 855, which forbid "cruel or unusual punishments."[2] We have, however, held that reference to the United States Code and the District of Columbia Code to determine the limits of punishment for an offense in violation of the Uniform Code is proper, even though the elements of the Uniform Code offense committed by the accused are not exactly the same as the offense described in the civilian codes.

In United States v Blevens, 5 USCMA 480, 18 CMR 104, the accused was charged with a violation of Article 134, Code, supra, 10 USC § 934, in that he wrongfully and unlawfully affiliated himself with a group, with the knowledge that it advocated the violent overthrow of the United States Government. As construed by the accused, the specification purported to allege a violation of the Smith Act, 18 USC § 2385, but was fatally deficient because it did not allege that he entertained a specific intent to overthrow the Government by force and violence, as required by that Act. We determined that the specification sufficiently alleged a violation of Article 134, without the necessity for an averment of an intent to overthrow the Government by force. We also rejected the accused's contention that it was improper to refer to the Smith Act to determine the limits of punishment for the offense of which he was convicted. In pertinent part we said:

"Punishment for the offense charged is not listed in the Table of Maximum Punishments. When the offense is not so listed and it is not included within or closely related to a listed offense, it may be punished as authorized by the United States Code, or the Code of the District of Columbia, whichever is lesser, or by the custom of the service. Manual, supra, paragraph 127c, page 214. Were it not for this provision, punishment for a violation of Article 134 is 'at the discretion' of the court-martial. See also: Article 56, Uniform Code of Military Justice, 50 USC § 637.

. . . . .

". . . It would not . . . be unreasonable to describe the offense here as 'closely related' to that of aiding the enemy. See Article 104, Uniform Code of Military Justice, 50 USC § 698. No limits are imposed upon punishment for the latter offense. Manual, supra, paragraph 127c, page 222. However, we need not go that far. We are satisfied that reference to the Smith Act for the purpose of assessing punishment is entirely proper.

"The evil against which the Smith Act protects is essentially the same as the evil inherent in the accused's conduct. There being no related provision in the Code of the District of Columbia, it provides, as authorized by the Manual, an appropriate frame of reference for judging the seriousness of the offense charged, and for measuring the punishment." [United States v Blevens, 5 USCMA 480, 491–492, 18 CMR 104.]

The gravamen of the offense committed by the accused is essentially the same as the offense of kidnaping proscribed in the United States Code and the District of Columbia Code. These statutes, therefore, are, under the Manual, "an appropriate frame of reference . . . for measuring the punishment."

---

[2] We are not unmindful of the "custom of the service" provision of paragraph 127c, Manual for Courts-Martial, United States, 1951. We have not been referred to any custom of the service which limits the confinement for kidnaping to less than life, and we have not found evidence of any such custom in our own research. See United States v O'Brien, 73 BR 367; United States v Hale, 77 BR 269, 280–282.

United States v Blevens, supra, at page 492. Thus, the law officer erred in excluding them from his consideration, but his conclusion was correct in that confinement at hard labor for life is the legal maximum for the offense found. Since the instructions to the court-martial on that point were correct, there is no possibility of prejudice to the accused resulting from the law officer's erroneous point of reference. United States v Long, 2 USCMA 60, 71, 6 CMR 60.

The decision of the board of review is affirmed.

Judges FERGUSON and KILDAY concur.