**UNITED STATES**

v.

**James C. SPICER, Jr., 188 44 6485, Private (E–1), U. S. Marine Corps.**

**NCM 76 2661.**

U. S. Navy Court of Military Review.

3 May 1977.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel.

CAPT Mark M. Humble, USMCR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GLASGOW, JJ.

**690**

BAUM, Judge:

Appellant was convicted by special court-martial, judge alone, of five specifications of unauthorized absence, in violation of Article 86, UCMJ, 10 U.S.C. § 886. He was sentenced to a bad conduct discharge, confinement at hard labor for 75 days and forfeiture of $100 per month for three months, all of which has been approved on review below. Four errors have been assigned: (1) that the staff judge advocate's review is deficient; (2) that the court lacked *in personam* jurisdiction; (3) that the judge allowed repeated violations of the best evidence rule; and (4) that the judge failed to explain the definition of "unit" when advising of the right to trial with enlisted members. The first, third and fourth assignments are summarily denied without comment. The second asserted error warrants discussion.

Appellant submits that in a prosecution under Article 86, UCMJ, the burden of proof of *in personam* jurisdiction is beyond a reasonable doubt and that the Government failed to meet this burden. We agree that when unauthorized absence has been alleged, jurisdiction must be proven beyond a reasonable doubt, instead of by the usual standard of preponderance of the evidence. Paragraph 57(b) and (g), *Manual for Courts-Martial, United States, 1969* (Revised edition) and *United States v. Bobkoskie*, 54 C.M.R. 672, 1 M.J. 1083 (N.C.M.R.1977). The reason for such a rule is that the accused's status as a member of the military becomes, in effect, an element of the offense when absence or desertion is charged. The element that the accused is required to be with his unit or at a place of duty is not met if the accused, in fact, is not a member of the military on active duty. Applying that standard of proof to the instant case nevertheless results in a finding of *in personam* jurisdiction.

Appellant testified at trial that three recruiters had helped him prepare for a test administered at the Armed Forces Examining and Entrance Station by supplying him with questions and answers for that test; he now contends that this amounts to recruiter misconduct entitling him to relief under the *Russo* rule.[1]

Appellant recalled the names of all three recruiters. Two of those named by appellant were called as witnesses by the Government and denied the actions alleged by him. The third man identified by appellant was not called because there was no recruiter with that name assigned to the recruiting station when appellant enlisted. Evidence presented did establish that there was a third recruiter working at the station; but when appellant was asked about this man, he denied ever knowing him and persisted in his claim that the third Marine originally named was his recruiter. Appellant now asserts that the Government's failure to call the identified third recruiter results in a failure of proof. We disagree. Appellant's denial that the man identified by the Government as the third recruiter actually recruited him obviated any need to call him after the two who appellant had correctly named were called. Their testimony was persuasive, whereas appellant's was not credible. We are convinced beyond a reasonable doubt that there was no misconduct involved in appellant's recruitment. The second assignment of error is also denied.

The findings of guilty and sentence as approved below are affirmed.

Chief Judge CEDARBURG and Judge GLASGOW concur.

---

1. In *United States v. Russo*, 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975) the Court held that where recruiter misconduct amounts to a violation of the fraudulent enlistment statute, the resulting enlistment is void as contrary to public policy. The misconduct alleged in the instant case appears not to meet the precise parameters of the *Russo* test. This issue is not addressed, however, in light of our factual conclusions.