UNITED STATES, Appellee,

v.

Private (E–1) Albert F. JONES, SSN 228–76–3793, United States Army, Appellant.

CM 436054.

U. S. Army Court of Military Review.

31 March 1978.

Colonel Robert B. Clarke, JAGC, Major Benjamin A. Sims, JAGC, Captain Buren R. Shields, III, JAGC, and Captain Grifton E. Carden, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, and Captain Lee D. Schinasi, JAGC, were on the pleadings for appellee.

Before JONES, MITCHELL and De-FORD, Appellate Military Judges.

## OPINION OF THE COURT

PER CURIAM:

Pursuant to his pleas of guilty, the appellant was convicted of making false reports of armed robberies (two specifications), making a false bomb threat, housebreaking, larceny, and absence without leave in violation of Articles 134, 130, 121, and 86, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 930, 921 and 886. The adjudged and approved sentence was a bad-conduct discharge, forfeiture of all pay and allowances,

**580**

and confinement at hard labor for 12 months.

■ The false reports of robberies were charged under Article 134, UCMJ, as violations of a state statute made federal law through the Assimilative Crimes Act, 18 U.S.C. 13. That act provides:

13. Laws of states adopted for areas within federal jurisdiction.

Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title, is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State, Territory, Possession, or District in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

Its purpose is to fill the gaps in criminal law on federal reservations by assimilating the local state law. *United States v. Butler*, 541 F.2d 730 (8th Cir. 1976). It may not be used to extend or narrow the scope of existing federal criminal law. *United States v. Picotte*, 12 U.S.C.M.A. 196, 30 C.M.R. 196 (1961) (concurring opinion).

■ The appellant contends that charging him under the Assimilative Crimes Act was improper because there is a specific federal statute covering the offenses, viz., Article 107, UCMJ.[1] Therefore, he argues, under the very terms of the Act, prosecution thereunder was not permitted.

We agree with appellant's contention. Article 107, UCMJ, is a broad, general statute that encompasses false statements, both oral and written, made with intent to deceive concerning a governmental function. It includes within its coverage the false official report of a crime. *United States v. Collier*, 23 U.S.C.M.A. 173, 48 C.M.R. 789 (1974). As prosecution of this appellant under that specific Article would have been appropriate, the Texas statute could not be assimilated.[2] Therefore, conviction under this statute may not stand.

■ The appellant also claims that the court-martial lacked jurisdiction to try him for communicating a bomb threat because the call was made from outside the territorial confines of the military installation. Appellant made the call from El Paso, Texas, to his unit at Fort Bliss. He was AWOL at the time.

Court-martial jurisdiction over an offense must be resolved by a careful balancing of *Relford*[3] criteria on a case-by-case basis to determine whether the military interest in deterring the offense is distinct from and greater than that of the civilian jurisdiction; and whether this distinct interest can be vindicated adequately in the civilian courts.[4]

Applying the *Relford* criteria, we find military jurisdiction for the following reasons:

1. The accused's absence from the post was not authorized.
2. The commission of the offense was completed on post. Although the accused was off post when he spoke

1. Appellant could have included 18 U.S.C. § 1001, as another basis for charges. *See United States v. Bedore*, 455 F.2d 1109 (9th Cir. 1967); *United States v. Adler*, 380 F.2d 917 (2d Cir. 1967), *cert. denied*, 389 U.S. 1006, 88 S.Ct. 561, 19 L.Ed.2d 602 (1967).

2. The decisions in *United States v. Harkcom*, 12 U.S.C.M.A. 257, 30 C.M.R. 257 (1961); *United States v. Wright*, 12 U.S.C.M.A. 202, 30 C.M.R. 202 (1961); and *United States v. Picotte*, 12 U.S.C.M.A. 196, 30 C.M.R. 196 (1961), are distinguishable in that those cases dealt with a type of kidnapping offense different from the one covered by the federal statute. The federal statute only proscribed one particu-

lar type crime and was not intended to preempt all kidnapping offenses. Therefore, the state statutes were assimilated.

3. *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971). *See also United States v. Hedlund*, 2 M.J. 11 (1976); *United States v. McCarthy*, 2 M.J. 26 (C.M.A. 1976).

4. *United States v. Alef*, 3 M.J. 414 (C.M.A. 1977). *See also United States v. Sims*, 2 M.J. 109 (C.M.A.1977); *United States v. Wilson*, 2 M.J. 24 (C.M.A.1976); *United States v. Uhlman*, 1 M.J. 419 (C.M.A.1976).

into the telephone mouthpiece it was not until his communication was received by the listener on the other end of the telephone line that the offense was completed. It was there (the military police company) that the chain of events, which the accused had set in motion in El Paso, resulted in the consummation of the offense.

3. The commission occurred at a place under military control, as well as a place outside its jurisdiction (see 2 above).

4. The victims (residents of a military police barracks) were all members of the U. S. Army and were engaged in duties relating to the military.

5. There was a flouting of military authority.

6. There was an obvious threat to the military post.

7. There was a threatened violation of military property.

8. Threats and false reports on a military post are not among those offenses traditionally prosecuted in civilian courts.

9. The military interest in deterring the offense is distinct from and greater than that of civilian authority and that distinct military interest cannot be vindicated adequately in the civilian courts.

The findings of guilty of Specifications 2 and 3, Charge I (false reports of armed robberies), are set aside and those charges are dismissed. The remaining findings of guilty are affirmed.

The two specifications set aside are relatively minor when compared with the housebreaking and larceny offenses. We find the sentence imposed appropriate for the four remaining charges and specifications. Accordingly, the sentence is affirmed.

Judge DeFORD absent.