# UNITED STATES

v.

**Gary W. BAILEY, 529 94 0905, Private (E-1), U. S. Marine Corps.**

**NCM 77 1843.**

U. S. Navy Court of Military Review.

Sentence Adjudged 20 June 1977.

Decided 14 March 1979.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel.

LT Sander Mednick, JAGC, USNR, Appellate Government Counsel.

*EN BANC.*

BAUM, Senior Judge:

Appellant has submitted four assignments of error for consideration by this Court. The first assignment asserts that the military judge, in ruling on a motion to dismiss for lack of personal jurisdiction, applied the wrong standard of proof. Appellant was convicted of desertion, unauthorized absence, and failure to obey a lawful order, in violation of Articles 85, 86 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 885, 886, 892. In light of the nature of these offenses, appellant argues that the standard of proof for resolving the personal jurisdiction issue should have been proof beyond a reasonable doubt in accordance with *United States v. Spicer*, 3 M.J. 689 (N.C.M.R.1977). Instead, according to appellant, the military judge determined there was jurisdiction by a preponderance of the evidence.

We asked for briefs setting forth arguments and citations for and against the standard of proof rule in *Spicer* and agreed to review this matter sitting *en banc.* The issue having been thoroughly briefed and argued before this Court, we are now prepared to look again at the rule established in *United States v. Spicer*, "that when unauthorized absence has been alleged, jurisdiction must be proven beyond a reasonable doubt, instead of by the usual standard of preponderance of the evidence."

The basis for this Court's decision in *United States v. Spicer* was our interpretation of paragraph 57*b*, *Manual for Courts-Martial, United States, 1969* (Revised edition). That paragraph relates to rulings on questions of law and interlocutory matters, and defines an interlocutory question as one

for which the ruling would not finally decide the case on its merits. The paragraph states:

> . . . An issue is not purely interlocutory if an accused raises a defense or objection and the disputed facts involved go to the ultimate question of guilt or innocence. For example, if during a trial for desertion the accused makes a motion to dismiss for lack of jurisdiction and presents evidence tending to show that he is not a member of an armed force, his status as a military person reaches the ultimate question of guilt or innocence, and, if the motion is denied, the disputed facts must be resolved by each member of the court in connection with his deliberation upon the findings. . . .[1]

We interpreted this passage to mean that the question of jurisdiction over the person, when desertion or unauthorized absence is alleged, is not interlocutory. From that premise, at the urging of defense counsel and without opposing argument by the Government, we proceeded to the conclusion that a standard of proof different from the usual preponderance of the evidence for interlocutory questions would be appropriate, since the question was no longer interlocutory. And, since the element that the accused is required to be with his unit or at a place of duty is dependent upon his status as a member of the military, we then equated status with jurisdiction and concluded that proof beyond a reasonable doubt was required. This was a quantum jump in interpretive reasoning that bears further reflection.

Nowhere does it say in paragraph 57, or anywhere else in the *Manual* for that matter, that proof in such a situation must be beyond a reasonable doubt. Paragraph 57 merely says that if the motion to dismiss for lack of jurisdiction is denied, "the disputed facts must be resolved by each member of the court in connection with his deliberation upon the findings." At that stage, on the merits, the standard is clearly proof beyond a reasonable doubt. There is nothing to indicate, however, that such should be the standard for the judge's ruling on a motion to dismiss. This view is reinforced by the background provided in the Department of the Army pamphlet, *Analysis of Contents Manual for Courts-Martial, 1969, Revised edition* (No. 27–2), which indicates that the desertion example from paragraph 57*b*, previously quoted, was included in the new *Manual* because of *United States v. Ornelas*, 2 U.S.C.M.A. 96, 6 C.M.R. 96 (1952). A close look at *Ornelas*, therefore, provides the key to paragraph 57 *b*. In *Ornelas*, the accused was charged with desertion but he claimed he never had been formally inducted into the Army and was, thus, not subject to the jurisdiction of the court-martial. A motion to dismiss for lack of jurisdiction was denied by the law officer (predecessor to the military judge) presumably because the accused had not met his burden of establishing a basis for the motion by a preponderance of the evidence.[2] The question of the accused's status as a member of the military was raised

---

1. This language was not present in the MCM, 1951, having been added as one of the changes in the 1969 *Manual*.

2. Paragraph 67*e* of the *Manual*, both then and now, places the burden, generally, on an accused to support by a preponderance of the evidence a motion raising a defense or objection. Since *Ornelas*, however, that burden has been shifted by case decisions to the prosecution with respect to motions that raise the issue of *in personam* jurisdiction. The first step in this direction was taken in *United States v. Garcia*, 5 U.S.C.M.A. 88, 17 C.M.R. 88 (1954), which involved a court-martial of a civilian. In that case, the Court of Military Appeals said "military jurisdiction over civilians is not a matter lightly to be presumed and must be shown clearly." From this limited exception to the general rule, the Court in *United States v. Graham*, 22 U.S.C.M.A. 75, 46 C.M.R. 75 (1972), changed the rule completely with respect to motions challenging personal jurisdiction. The burden was placed on the Government to show *in personam* jurisdiction clearly in all cases in which the issue is raised. This shift was effected in *Graham* by transforming the language in *Garcia* from "jurisdiction over civilians" to "jurisdiction over the person." Since then, it has been generally accepted that the burden of affirmatively and clearly showing *in personam* jurisdiction has been on the Government. *United States v. Barrett*, 1 M.J. 74 (C.M.A.1977). We, on this Court, had taken this to mean a showing by a preponderance of the evidence until *Spicer, supra*, shifted the

again by another motion to dismiss after the accused pled not guilty and testified in his own defense that he had never taken the oath of allegiance when inducted. The law officer, again, denied the motion. He also refused the defense request to submit the issue to the court under appropriate instructions. The Court of Military Appeals held that the law officer erred, and reversed. In so doing, the Court left some confusion in its wake as to exactly what procedure should be followed in such cases. One interpretation is that the question of jurisdiction over the person must be put to the court members for ultimate resolution when there is a question of fact involved and the offense is purely military in nature.[3] We view *Ornelas* otherwise. Our reading of that case convinces us that the Court of Military Appeals did not intend for the law officer, or military judge under current law, to submit questions of jurisdiction to the members for decision. We believe that the military judge must resolve such matters alone, as an interlocutory matter, *but* when a question of fact involved in the jurisdictional issue also goes to the ultimate question of the accused's guilt or innocence of the offense charged, then the factual question, upon being raised after a plea of not guilty is entered, must be resolved by the court members. This, to us, is the meaning of the following language from *Ornelas*:

> It is our view of this case that the defense motion raised a proper issue as to lack of jurisdiction, and that this issue *involved a question of fact, which should have been submitted to the court under appropriate instructions.*
>
> If the accused was not lawfully inducted into the Army, as defense claims, then he could not be convicted of desertion, which is a purely military offense.[4] [Emphasis added].

Accordingly, we see the new language in paragraph 57*b* of the *Manual* to be an implementation of this ruling in *Ornelas*, not intended to change the standard of proof on a motion to dismiss for lack of jurisdiction or other motions involving interlocutory questions. It would appear that the objective of the *Manual* drafters was merely to assure that a ruling on a motion is not final with respect to disputed facts which go to the ultimate issue of guilt or innocence, if the factual questions are raised again during the trial on the merits. Upon their being raised on the merits, issues of fact with respect to military status must be decided anew if any of the elements rest on the accused's status as a member of the military. At that point, the proof of military status must be beyond a reasonable doubt in order to convict. The preponderance of the evidence standard for deciding a motion to dismiss by the judge was not changed. Any indications to the contrary in *Spicer* and other decisions of this Court, upon reconsideration, are now rejected.

■ Additionally, upon re-examination of *Spicer*, we find the statement that ". . . the accused's status as a member of the military becomes, in effect, an element of the offense when absence or desertion is charged,"[5] is not completely accurate and, therefore, misleading. In a purely military offense the accused's status is always a part of, or fundamentally underlies, one of the elements, but it is not, itself, a separate element. The accused who is charged with a purely military offense may present evidence on the merits tending to show that he is not, in fact, a member of the military and thereby raise the defense, for example, that he is not obligated to obey orders, or show respect to superiors, or be present for duty. The raising of this defense during trial on the merits does not alter the Government's burden of proof,

burden even further to beyond a reasonable doubt when an unauthorized absence offense was alleged.

**4.** 2 U.S.C.M.A. at 98, 6 C.M.R. at 98.

**5.** *Id.* at 690.

**3.** *See United States v. Jessie,* 5 M.J. 573 (A.C. M.R.1978), which appears to interpret *Ornelas* in this fashion.

because the Government is required in any case to prove that the accused was obligated, by his status, to obey the order he allegedly disobeyed, or was obligated, by military relationship, to be respectful to the military member to whom he was allegedly disrespectful, or was required, by virtue of his military membership, to be present for military duty. As is true with other defenses, when the issue of military status is raised, the court must be instructed upon it and advised that the burden of proof is upon the Government with respect to this issue, and that unless the Government establishes beyond a reasonable doubt that such defense is not valid, the accused must be found not guilty. The issue at that point is not to be considered a relitigation of the question of jurisdiction, however. That proposition—the authority of the court to try the accused—is settled once and for all by the judge as an interlocutory matter when it is raised, employing a preponderance of the evidence standard.

To recapitulate, the standard of proof on all motions to dismiss for lack of personal jurisdiction when presented to the military judge, whether or not desertion or unauthorized absence is alleged, remains a preponderance of the evidence. If the motion is denied by the judge, the issue of military status, when it bears on the ultimate issue of guilt or innocence, may be raised again during trial on the merits, and at that time the Government must prove beyond a reasonable doubt that the accused is a member of the military.

In light of the above, appellant's first assignment of error is deemed to be without merit. The remaining assignments are also rejected. Accordingly, the findings of guilty and sentence as approved below are affirmed.

Chief Judge CEDARBURG, Senior Judge DUNBAR and Judges FERRELL, ROOT, GREGORY, GLADIS, MICHEL and GRANGER concur.

Judge PRICE did not participate in the decision.