## UNITED STATES

v.

**Airman Basic Gary A. BUCKINGHAM, FR 396–68–2741 United States Air Force.**

### ACM 22575.

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 May 1979.

Decided 17 March 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Patrick A. Tucker.

Appellate Counsel for the United States: Colonel James P. Porter and Captain William B. Smith.

Before EARLY, POWELL and MAHONEY, Appellate Military Judges.

---

## DECISION

EARLY, Chief Judge:

Tried by general court-martial, military judge alone, the accused was convicted, despite his pleas, of three counts of burglary, housebreaking, six counts of larceny and attempted unlawful entry, in violation of Articles 129, 130, 120 and 80, Uniform Code of Military Justice, 10 U.S.C. §§ 929, 930, 920 and 880. The approved sentence extends to a bad conduct discharge, confinement at hard labor for two years, six months and forfeiture of all pay and allowances.

■ Appellate defense counsel assert that the military judge erred to the accused's prejudice when he used the standard of "clear and convincing" evidence in resolving disputed facts on the issue of whether the court-martial had jurisdiction over the accused. We disagree and affirm.

At trial the accused moved to dismiss all charges and specifications on the ground that the court-martial did not have jurisdiction over him because of alleged recruiter misconduct. See *United States v. Russo*, 1 M.J. 134 (C.M.A.1975). Evidence was presented by both parties, both testimonial and documentary. Without detailing the evidence, suffice it to say that it was directly conflicting. The military judge denied the motion with detailed findings of fact and applied what he described as a "clear and convincing" standard rather than a "preponderance of evidence" or "beyond a reasonable doubt" standard. Appellate counsel for the accused assert that the proper test is "beyond a reasonable doubt."

The Manual for Courts-Martial, 1969 (Rev.) provides this guidance:

> Defenses and objections such as . . . lack of jurisdiction . . . should ordinarily be asserted by a motion to dismiss before a plea is entered . . . .
>
> \*    \*    \*    \*    \*    \*

Except as otherwise indicated in the discussion of motions . . . the burden generally rests on the accused to support by a preponderance of the evidence a motion raising a defense or objection.[1] A decision on such a motion is always an interlocutory matter . . . .

> \*    \*    \*    \*    \*    \*

> A question is interlocutory unless the ruling on it would finally decide the case on its merits. Questions that go to the ultimate issue of guilt or innocence are not interlocutory . . . .. An issue is not purely interlocutory if an accused raises a defense or objection and the disputed facts involved go to the ultimate question of guilt or innocence. For example, if during a trial for desertion the accused makes a motion to dismiss for lack of jurisdiction and presents evidence tending to show that he is not a member of an armed force, his status as a military person reaches the ultimate question of guilt or innocence, and, if the motion is denied, the disputed facts must be resolved by each member of the court in connection with his deliberation upon the findings. If, on the other hand, the accused was charged with larceny and presented the same evidence as to his military status, the evidence would bear only upon his amenability to trial and the issue would be disposed of solely as an interlocutory question.

Manual for Courts-Martial, *supra*, paragraphs 67a, 67e, 57b.

In *United States v. Ornelas*, 2 U.S.C.M.A. 96, 6 C.M.R. 96 (1952), an accused, charged with desertion, contended that he was never properly inducted into the Army. The law officer (now military judge) denied the motion, but when the issue was raised again before the court members, the law officer refused to submit the issue under appropriate instructions to them. The issue involved a contested matter of fact. The United States Court of Military Appeals held that, where the determination of juris-

---

1. This rule has been changed by judicial decision in the area of *in personam* jurisdiction to place the burden upon the Government. *E. g.,*

*United States v. Graham*, 22 U.S.C.M.A. 75, 46 C.M.R. 75 (1972).

diction involved no contested issue of fact (but merely one of law), the matter was for the sole determination of the law officer. However, where there were disputed issues of fact which should be considered by the court members *in determining the guilt or innocence of the accused,* the issue must be presented to them with proper instructions. Thus, as we read the decision, where the issue of the military status of the accused is an essential element of the offense charged (*i. e.,* desertion, absence without leave, disobedience of an order, or disrespectful behavior towards a military superior) the factual dispute, if there is one, must be determined initially by the military judge as an interlocutory matter, and must be submitted to the court members (if raised before them), with proper instructions, as a part of the elements of the substantive offense charged. At that time the standard of proof is beyond a reasonable doubt, and the burden is upon the Government to meet that standard.

However, when the substantive offense charged is not peculiarly military in nature; i. e., the common law felonies proscribed by the Uniform Code of Military Justice, the disputed factual issue is finally decided by the military judge as an interlocutory matter. *United States v. Rubenstein,* 7 U.S.C. M.A. 523, 22 C.M.R. 313 (1957).

Appellate defense counsel argue that because of the holding in *United States v. Russo, supra,* the preliminary language appearing in the non-military offenses of the Uniform Code: "any person subject to this chapter . . .", means that the military status of the accused, when it is factually disputed, should be submitted to the court members and proven beyond a reasonable doubt by the Government as an essential element of the offense.

We do not understand the cases cited to justify such a requirement, and find general agreement among our sister Courts of Military Review.

In *United States v. Jessie,* 5 M.J. 573 (A.C.M.R.1978), the accused, charged with burglary and larceny, contended that the court had no jurisdiction over him because of recruiter misconduct in his enlistment. The matter of disputed facts was decided interlocutorily by the military judge applying a "preponderance of evidence" test. The accused then asked the Court of Military Review to apply a "beyond reasonable doubt" standard. The Court held that the standard of "preponderance of the evidence" was correctly applied by the military judge, and the convening authority, and would be applied by the Court upon review.

The matter was also considered by the Navy Court of Military Review in *United States v. Bailey,* 6 M.J. 965 (N.C.M.R.1979). There the accused was charged with desertion, unauthorized absence and failure to obey a direct order. In an *en banc* decision, the Court held that where the question of jurisdiction over the accused is raised and the offenses charged were purely military in nature, the military judge must resolve the issue as an interlocutory matter on a preponderance of evidence standard, but if the question of fact goes to the ultimate question of the accused's guilt or innocence, and is raised by evidence before the fact finder(s), then it must be resolved by the fact finder(s) beyond a reasonable doubt. The Court specifically held:

> In a purely military offense the accused's status is always a part of, or fundamentally underlies, one of the elements, but is not, itself, a separate element . . . . The raising of this defense (that the accused is not a member of the military service) during trial on the merits does not alter the Government's burden of proof, because the Government is required in any case to prove that the accused was obligated, by his status, to obey the order he allegedly disobeyed, or was obligated, by military relationship, to be respectful to the military member to whom he was allegedly disrespectful . . . .. The issue at that point is not to be considered a relitigation of the question of jurisdiction, however. That proposition—the authority of the court to try the accused—is settled once and for all by the judge as an interlocutory mat-

ter when it is raised, employing a preponderance of the evidence standard.

6 M.J. at 968-9.

■ We hold that these decisions correctly state the law. Where the issue of jurisdiction over the accused is raised, it is decided as an interlocutory matter by the trial judge applying a preponderance of the evidence standard; where a purely military offense is involved, the matter of the status of the accused as a member of the military service, if raised on the merits, must ultimately be resolved beyond reasonable doubt by the triers of fact as an aspect of an element of the offense charged.

Since the military judge in the instant case applied a "clear and convincing" test to the evidence, which could only have increased the burden of proof on the Government, no prejudice to the rights of the accused occurred.

■ In a second error asserted by the accused in his request for appellate representation, the accused contends that the failure of the military judge to dismiss all charges and specifications because of lack of jurisdiction arising out of an illegal enlistment is error. We disagree.

We have already held that the military judge correctly ruled on this issue as an interlocutory matter. His decision will be reviewed here on the test of abuse of discretion as is true of other interlocutory matters. *United States v. Knudson*, 4 U.S.C.M.A. 587, 16 C.M.R. 161 (1954); *United States v. Otero*, 5 M.J. 781 (A.C.M.R.1978). Finding no abuse of discretion, we find no error.

The findings of guilty and the sentence are

AFFIRMED.

POWELL and MAHONEY, Judges, concur.