## UNITED STATES

v.

**Hubert Earl CARTER, 265 51 8992, Radioman Seaman Apprentice (E–2), U. S. Navy.**

NCM 79 1732.

U. S. Navy Court of Military Review.

30 June 1980.

CAPT. Allan H. Meltzer, USMCR, Appellate Defense Counsel.

LT. J. G. VanWinkle, JAGC, USNR, Appellate Government Counsel.

Before DUNBAR, Senior Judge and GREGORY and GLADIS, JJ.

GREGORY, Judge:

Contrary to his pleas, appellant was found guilty of four specifications of unauthorized absence in violation of Article 86, Uniform Code of Military Justice 10 U.S.C. § 886. The three specifications under Charge I alleged unauthorized absences of approximately 3 days, 29 days, and 148 days. The single specification under the Additional Charge alleged an unauthorized absence of approximately 1 day. To satisfy its burden on the merits, the Government introduced Prosecution Exhibits 5, 6, and 7, service record entries which related to Charge I and the specifications thereunder. No evidence was introduced during the prosecution's case-in-chief with respect to the Additional Charge and its specification. Despite this omission, trial defense counsel failed to move for a finding of not guilty. Subsequently, appellant testified in his own behalf at trial and on cross-examination trial counsel elicited the necessary facts to establish appellant's guilt of the Additional Charge and the specification thereunder.

On appeal, appellant now contends that he was denied the effective assistance of counsel. *See United States v. Rivas*, 3 M.J. 282 (C.M.A. 1977). Under the particular circumstances of this case, we do not concur in appellant's contention.

Prior to his entry of pleas, appellant had moved to dismiss all charges and specifications "for lack of personal jurisdiction" because of alleged recruiter misconduct. The defense indicated that they desired a single ruling on the issue, to be rendered on the merits rather than prior to pleas, in order to take advantage of the higher standard of proof beyond a reasonable doubt. *See United States v. Bailey*, 6 M.J. 965 (N.C. M.R. 1979). The military judge acceded to this request and indicated that he would consider the question of lack of personal jurisdiction as an affirmative defense. (R.6). The military judge eventually denied the motion to dismiss and found appellant guilty of the four alleged unauthorized absences. (R.81).

Trial defense counsel is now criticized for failure to move for a finding of not guilty at the end of the prosecution case-in-chief and also for failure to object to cross-examination of appellant concerning the 1-day absence as beyond the scope of direct examination. We do not find cause for such criticism.

■ With respect to the cross-examination concerning the absence alleged in the Additional Charge, we consider such cross-examination to have been proper and not subject to objection. In this regard, paragraph 149*b*(1), *Manual for Courts-Martial, 1969 (Rev.)*, provides in part:

When an accused voluntarily testifies concerning the issue of his guilt or innocence of an offense for which he is being tried . . . he cannot, upon cross-examination as to matters relevant to that issue, justify a refusal to answer questions on the ground that his answers might tend to incriminate him. . . .
If an accused testifies on direct examination only as to matters not bearing on the issue of his guilt or innocence of any offenses for which he is being tried, he

may not be cross-examined on the issue of his guilt or innocence at all.

We interpret this provision to allow cross-examination of an accused concerning the offenses charged when the accused on direct examination contests his guilt of these offenses. In other words, when an accused's direct testimony controverts an element of an offense or raises an affirmative defense, the facts concerning such an offense may be explored in cross-examination. *See United States v. Wannenwetsch*, 12 U.S.C.M.A. 64, 66–68, 30 C.M.R. 64, 66–68 (1960); *United States v. Kelly*, 7 U.S.C.M.A. 218, 221, 22 C.M.R. 8, 11 (1956). In the instant case, appellant testified on direct examination as to the circumstances surrounding his enlistment. This examination impacted directly on his status as a military member and on his guilt of the offenses charged. *See United States v. Bailey, supra* at 968–69. For this reason, appellant was subject to cross-examination as to the facts surrounding each of the offenses charged. Therefore, trial defense counsel had no valid objection to make when trial counsel brought out the facts concerning the 1-day absence addressed by the Additional Charge.

■ With respect to the failure to move for a finding of not guilty as to the Additional Charge at the end of the prosecution case-in-chief, this may well have been an oversight on the part of trial defense counsel. We do note, however, that even appellant acknowledges that this may have been a knowing, tactical move by trial defense counsel to prevent the prosecution from having an opportunity to reopen its case on the chance that the prosecution had completely overlooked Additional Charge I. *See* Appellant's brief at 2, n.1. At any rate, the oversight by trial defense counsel, if indeed this is the case, was a very minor oversight, involving a mere 1-day absence.

Appellant's only real chance for meaningful success in this litigation was to prevail on the jurisdictional issue. Our analysis of the record of trial reveals that trial defense counsel made a diligent and highly professional effort on this issue. That the effort

was not successful is more a reflection on appellant's credibility as a witness than on the competence of his counsel. We are unable to concur in appellant's contention that the failure of trial defense counsel to concentrate on attacking a 1-day unauthorized absence has resulted in a denial of effective assistance of counsel.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.[1]

Senior Judge DUNBAR and Judge GLADIS concur.

---

1. We note that the court-martial order in this case incorrectly reflects an approved sentence including forfeiture of $350.00 per month for 6 months. A corrected court-martial order should be issued to reflect forfeiture of $250.00 per month for 6 months.