UNITED STATES

v.

**Airman Basic Bobby R. CURRY, FR 455–19–7970, United States Air Force.**

**ACM 22669.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 7 Nov. 1979.

Decided 15 Oct. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stevens and Colonel George R. Stevens.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Robert D. Reinhard, USAFR.

Before EARLY, ARROWOOD and KASTL, Appellate Military Judges.

### DECISION

KASTL, Judge:

In an ably prosecuted and ably defended case, accused was convicted by general court–martial of nine offenses involving marijuana, cocaine, and LSD, violations of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 934. He was sentenced to a bad conduct discharge, confinement at hard labor for four and one–half years, and total forfeitures.[1]

Appellate defense counsel assert numerous errors. As a threshold, they raise a *Catlow–Russo* issue and contend that the government lacked in personam jurisdiction to try the accused.

The claim essentially is premised upon two matters:

(a) that the accused was ineligible to enlist because of marijuana use within six months immediately preceding his enlistment, a nonwaivable defect under then–governing Air Force procedures; and

(b) that he had been arrested by Texas authorities for recent marijuana possession yet the waiver required to enlist him nevertheless was obtained improperly.

### I

With regard to the first matter, testimony at trial was in dispute as to whether accused told the recruiter of recent marijuana use. After the recruiter, the accused, and a fellow–enlistee all testified on the issue, the judge weighed the credibility of witnesses and found that the recruiter had *not* been so informed. Noting that the issue before him was regulatory and did not involve a statutory disqualification, the judge found in personam jurisdiction to try the accused.

We concur. In *United States v. Wagner*, 5 M.J. 461, 467 (C.M.A.1978) the Court of Military Appeals held an enlistment valid for purposes of court–martial jurisdiction where a technical violation of nonwaivable service regulations existed, yet such fact was unknown to the Government at the time of enlistment. In the present case, the judge held that the recruiter was not told of accused's marijuana use within six months preceding enlistment. This brought the factual situation within the ambit of *Wagner*, which is dispositive on the issue.[2]

### II

We turn now to the second matter concerning jurisdiction: was a waiver incorrectly processed, thus voiding the enlistment? The judge heard extensive testimony as to whether a test recruiting process enjoyed continuing vitality after a new overall directive was promulgated. He made a finding of fact that accused's waiver was validly approved in the field under authority of that test procedure (permitting waivers locally, rather than at recruiting service headquarters). The judge further found that even if authority no longer was

---

1. The convening authority: (1) approved findings of guilty as to six offenses; (2) approved only so much of the findings of guilty as to three other specifications as found the accused guilty of attempted sale and possessions of LSD under Article 80, U.C.M.J., 10 U.S.C. § 880, *supra*; and (3) approved the sentence, as reassessed. Earlier, the court had found the accused not guilty of a tenth specification.

2. We recently held in *United States v. Buckingham*, 9 M.J. 514 (A.F.C.M.R.1980), pet. filed, 9 M.J. 58, that the issue of jurisdiction arising out of a claimed illegal enlistment is an interlocutory matter. The military judge's decision is to be reviewed on the test of abuse of discretion. Finding no abuse of discretion today, we find no error.

delegated below headquarters level by virtue of the newly–issued regulation, both the recruiter and field commander who had approved the waiver honestly believed that authority had been delegated. The judge concluded that no recruiter misconduct affected accused's enlistment and that in personam jurisdiction existed.

We agree. Here, we find no recruiter activity which would defeat jurisdiction. The recruiter and the field commander were operating under a test program of apparent legitimacy. Concededly, there was the possibility that the test program had been technically superseded by the new regulation. However, that possibility is considerably weakened by evidence at trial showing that the test program continued in operation after the new regulation was issued. Indeed, the military judge found no recruiter negligence whatsoever.

Even assuming, arguendo, that it was recruiter error to waive the disqualification at the local level, we find that this does not deprive the court–martial of in personam jurisdiction. In *United States v. Valadez*, 5 M.J. 470 (C.M.A.1978), the Court of Military Appeals held that simple negligence by a recruiter in enlisting an ineligible recruit is insufficient to render an enlistment void. The *Valadez* rationale is clearly even more persuasive when, as here, a waiver has been processed pursuant to an apparently valid delegation of waiver authority. See generally *United States v. Murawsky*, 7 M.J. 353 (C.M.A.1979); *United States v. Wagner, supra.* See also *United States v. Stone*, 8 M.J. 140 (C.M.A.1979).[3]

We have considered the remaining assignments of error and resolve them adversely to the accused.

The findings of guilty and the sentence are

AFFIRMED.

---

3.   See generally Schlueter, *The Enlistment Contract: A Uniform Approach*, 77 Military Law Review 1 (Summer 1977).