UNITED STATES, Appellee,

v.

**Private First Class John M. SCHOLTEN, SSN 362–64–1921, United States Army, Appellant.**

CM 441903.

U. S. Army Court of Military Review.

16 Nov. 1982.

Major Raymond C. Ruppert, JAGC, Captain David M. England, JAGC, and Captain Richard W. Vitaris, JAGC, were on the pleadings for appellant.

Colonel R.R. Boller, JAGC, Major John T. Edwards, JAGC, Captain Michael R. Smythers, JAGC, and Captain Richard P. Laverdure, JAGC, were on the pleadings for appellee.

Before MELNICK, McKAY and LEWIS, Appellate Military Judges.

OPINION OF THE COURT

MELNICK, Senior Judge:

This case is before us on mandatory review pursuant to Article 66, Uniform Code

of Military Justice, 10 U.S.C. § 866. Based on his plea of guilty, the appellant was convicted of attempted murder, robbery, sodomy, and kidnapping in violation of Articles 80, 122, 125, and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 880, 922, 925, 934. A court-martial composed of members sentenced him to a dishonorable discharge, confinement at hard labor for 30 years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence except that he reduced the confinement to 23 years pursuant to a pretrial agreement.

Appellant raises two issues which we shall consider in turn.

### I

Appellant argues first that his plea of guilty to the offense of kidnapping set forth in Charge IV was improvident because, as alleged, and more particularly as described by the military judge here during his providency inquiry, no offense under military law is charged. Relying on the decision of the Court of Military Appeals in *United States v. Charlton,* 18 U.S.C.M.A. 141, 39 C.M.R. 141 (1969), appellant argues that the elements of the offense of kidnapping have been based on the District of Columbia Code through paragraph 127c of the Manual for Courts-Martial, United States, 1969 (Revised edition) and that the deletion of any reference to the District of Columbia Code in Change 4 to the Manual effectively removes that statute as a source of the elements of kidnapping. Unable to find any other foundation for the offense, appellant argues that the elements of kidnapping must be drawn from the common law, which requires an asportation between states or countries. Since that did not occur here, appellant urges that we set aside his conviction of kidnapping.

▆▆ The appellant is in error. In *United States v. Jackson,* 17 U.S.C.M.A. 580, 38 C.M.R. 378 (1968) and again in *United States v. Charlton, supra,* the Court of Military Appeals made it clear that kidnapping

is a military offense. While its elements are drawn from the United States [1] and District of Columbia [2] kidnapping statutes, it is a separate offense independent and apart from those statutes. *United States v. Jackson, supra; United States v. Charlton, supra; United States v. McCuistion,* 47 C.M.R. 379 (A.C.M.R.1973). Thus, the deletion from paragraph 127c of the Manual of any reference to the District of Columbia Code does not remove Section 22–2101 of that Code as a source of the elements of the military offense of kidnapping. These elements do not include asportation to another state or country.

Further, paragraph 127c of the Manual still contains a pertinent reference to the United States Code. Even if, as appellant contends, *United States v. Charlton, supra* requires us to look only to whatever reference appears in paragraph 127c of the Manual the result will be the same. The essence of the crime prohibited in Section 1201 of Title 18, United States Code, is unlawfully seizing, confining, inveigling, decoying, kidnapping, abducting or carrying away any person for ransom, reward, or otherwise. Section 22–2101 of the District of Columbia Code is essentially identical. Once more, asportation to another country or state is not required.

▆▆ The military judge advised the appellant at the providency hearing that the elements of the offense of kidnapping were that:

a. On or about 5 July 1981, in Mannheim, Germany, appellant unlawfully kidnapped Mario Mudra.

b. The kidnapping was against Mr. Mudra's will.

c. The kidnapping was accomplished by taking Mr. Mudra's automobile and driving him away in it.

d. The kidnapping was for the purpose of stealing Mr. Mudra's automobile.

e. Under the circumstances, appellant's conduct would be to the prejudice of good order and discipline in the armed forces

1. 18 U.S.C. § 1201 (1976 & Supp V (1981)).

2. D.C.Code Ann. § 22–2101 (1973).

or of such a nature as to tend to bring discredit on the armed forces.

These elements are correct.[3] *See* paragraph 3–190, DA Pamphlet 27–9, Military Judge's Benchbook, 1 May 1982. They are included in both Section 1201 of the United States Code and Section 22–2101 of the District of Columbia Code. Thus, the military judge's advice was proper and there is no basis for setting aside appellant's plea of guilty to kidnapping as improvident.

## II

Appellant's second complaint is that the military judge failed to acknowledge during the preliminary proceedings that he had presided at the earlier trial of Private E–2 Kenneth E. Davis, appellant's co-accused, thus depriving appellant of an opportunity to meaningfully select a trial forum.

█ Although appellant offers no proof to support the allegation, we take judicial notice of the record of trial in *United States v. Davis,* which is before this panel. *United States v. Koneski,* 4 M.J. 911 (A.F.C.M.R. 1978); *See* Mil.R.Evid. 201. It reflects that indeed, Lieutenant Colonel Joe L. Woodward, the military judge in the case, also was the military judge in *Davis.* While he did not so note at trial (R. 4), the record reflects that appellant's defense counsel observed the earlier trial of Private Davis (R. 31) and must have been aware of Lieutenant Colonel Woodward's participation in both trials as the military judge. Yet he did not raise any objection (R. 4). Accordingly, any issue was waived. *United States v. Airhart,* 23 U.S.C.M.A. 124, 48 C.M.R. 685 (1974); *United States v. Melton,* 1 M.J. 528 (A.F.C.M.R.1975); *United States v. Jones,* 6 M.J. 568 (N.C.M.R.1978); *United States v. Flynn,* 11 M.J. 638 (A.F.C.M.R.1981). *See United States v. Hodges,* 22 U.S.C.M.A. 506, 47 C.M.R. 923 at 925 (1973), (Darden, C.J., concurring).

---

**3.** We believe the jurisdictional requirements of Section 1201(a)(1)–(4) are not included in the military offense any more than is the requirement in Section 22–2101 that the kidnapping

█ Waiver aside, there was no error here. A military judge may sit at the trial of a co-accused. *United States v. Jarvis,* 22 U.S.C.M.A. 268, 46 C.M.R. 260 (1973); *United States v. Stewart,* 2 M.J. 423 (A.C.M.R. 1975); *United States v. Wright,* 47 C.M.R. 637 (A.F.C.M.R.1973). The only question is whether the experience in *Davis* biased the military judge against appellant so as to raise a doubt as to the legality, fairness, or impartiality of his trial. *United States v. Jarvis, supra; United States v. Stewart, supra.* The record reveals no suggestion of bias on the part of the military judge and appellant points to none. Most important, this case was tried before a panel of court members, thus removing any possibility of prejudice. *United States v. Jarvis, supra; United States v. Bradley,* 7 M.J. 332 (C.M.A. 1979).

A careful review of the record reveals no other issues warranting comment. We affirm the findings of guilty and the sentence.

Judge McKAY and Judge LEWIS concur.

occur in the District of Columbia. *United States v. Jackson, supra; United States v. Charlton, supra.*