BAKER, Judge
(concurring in part and in the result):
The question presented is whether the military judge referenced the appropriate offense “punishable as authorized by the United States Code” under Rule for Courts-Martial (R.C.M.) 1003(c)(1)(B)(ii) to set Appellant’s maximum sentence. Appellant asserts that the military judge used the wrong federal statute, because his conduct was better described as possession under 18 U.S.C. § 2252(a)(4) rather than receipt under 18 U.S.C. § 2252(a)(2). Appellant also argues that § 2252(a)(2) is not an analogous statute under the United States Code because the statute includes an “interstate or foreign commerce” element. This argument is made in the alternative, because § 2252(a)(4), which Appellant argues the military judge should have applied, also contains this same jurisdictional requirement.
The predicate statutory language is found in Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934 (2000): “Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and discipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces ... shall be punished at the discretion of [the] court.” However, this language must be read in light of the President’s adoption of R.C.M. 1003(c)(1)(B). This procedural rule is intended to delimit the exercise of discretion by courts-martial in adjudicating punishment for offenses “not listed in Part IV” of the Manual for Courts-Martial, United States (MCM) “and not included in or closely related to any offense listed therein.”[1] R.C.M. 1003(c) (i) (B) (ii).
*385 Thus, the applicable principle is not just “the discretion of [the] court,” which is open-ended, but also R.C.M. 1003(c)(1)(B). In this case, the offense of which Appellant stands convicted is neither listed in the MCM nor is it included in or closely related to an offense listed. Thus, Appellant’s offense “is punishable as authorized by the United States Code.” This is consistent with military practice and this Court’s precedent as well. United States v. Williams, 17 M.J. 207, 216-17 (C.M.A.1984); United States v. Jackson, 17 C.M.A. 580, 583 38 C.M.R. 378, 381 (1968).
As a result, where R.C.M. 1003(c)(1)(B) applies, military judges are constrained to look for an analogous offense in the United States Code, if any, in setting the maximum punishment. The military judge did so in this case. Appellant’s offense is indeed analogous to the United States Code section used by the military judge; the offenses in question are essentially the same. Appellant was convicted of “wrongfully and knowingly receiving] visual depictions of minors engaging in sexually explicit conduct.” In downloading these images Appellant both received and possessed child pornography. See United States v. Kuchinski, 469 F.3d 853, 861 (9th Cir.2006); United States v. MacEwan, 445 F.3d 237, 241 (3d Cir.2006). Thus, it was appropriate for the military judge to look to 18 U.S.C. § 2522(a)(2) to determine the maximum penalty. Further, the requirement in § 2522(a)(2) that the activity occur in “interstate or foreign commerce” is a jurisdictional rather than a substantive requirement intended to reflect Congress’s authority to legislate. Therefore, it is inherently not an applicable element of the analogous offense in the military context.

. The majority relies alone on the "discretion of [the] court” language of Article 134, UCMJ, in *385 holding that the military judge did not abuse his discretion in applying an analogous federal statute. But it is not clear where this discretion ultimately ends.