UNITED STATES, Appellee

v.

Richard Doyle STONE, Storekeeper
Seaman Apprentice, U. S.
Navy, Appellant.

No. 37,075.

NCM 78 0789.

U. S. Court of Military Appeals.

Dec. 26, 1979.

For Appellant: *Lieutenant David S. Durbin*, JAGC, USNR (argued).

For Appellee: *Major D. A. Higley*, USMC (argued); *Commander T. C. Watson, Jr.*, JAGC, USN (on brief).

FLETCHER, Chief Judge:

Pursuant to his pleas, the appellant was found guilty of the possession, transfer and sale of marihuana, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. At his special court-martial, the military judge sentenced him to a bad-conduct discharge, 2 months' confinement at hard labor, forfeiture of $265.00 pay per month for 2 months and reduction to pay grade E–1. The convening authority approved the findings and sentence, but suspended the execution of the discharge for a specified period. The Navy Court of Military Review affirmed the findings and sentence on November 24, 1978 (6 M.J. 686).

This Court granted the following issue for review:

WAS APPELLANT'S ENLISTMENT VOID THEREBY DEPRIVING THE COURT OF PERSONAL JURISDICTION?

At this court-martial, defense counsel moved to dismiss all the charges and specifications on the basis of our decision in *United States v. Russo*, 1 M.J. 134 (C.M.A. 1975). The military judge denied this motion. The facts necessary to our review of the propriety of this action were found by the United States Navy Court of Military Review as follows:

The record of trial reveals that appellant enlisted in the United States Naval Reserve on 25 May 1976 under the Delayed Entry Program. He was discharged from this Reserve enlistment on 31 May 1976, and on 1 June 1976 he enlisted in the United States Navy and

came on active duty. Appellant testified that, prior to his Reserve enlistment, he informed his recruiter that he had used marijuana in the past. Recruiting regulations in effect at that time required a waiver from proper authority prior to enlistment of an applicant who had used marijuana. Paragraph 2–I–8, Navy Recruiting Manual, Enlisted (COMNAV-CRUITCOM Instruction 1130.8A). Appellant further testified that, after he disclosed his marijuana use, his recruiter went ahead and entered "no" in the pertinent blocks on the enlistment application and stated: "[W]hatever they don't know won't hurt them." (R. 43). No attempt was made to obtain a waiver. 6 M.J. at 688.

■ The question before this Court is whether, under the *Russo* doctrine, the misconduct of the appellant's recruiter amounts to a violation of the unlawful enlistment statute sufficient to render this enlistment contract void as a basis for court-martial jurisdiction. A similar examination of recruiter misconduct was conducted by this Court in *United States v. Valadez,* 5 M.J. 470, 475 (C.M.A.1978). There, simple negligence by a recruiter in failure to discover a nonwaivable regulatory disqualification was found not to be within the ambit of the *Russo* doctrine. In the appellant's case, we are confronted with the deliberate failure of a recruiter to seek and secure a waiver required by regulation for the appellant's preservice marihuana use. *See also United States v. Murawsky,* 7 M.J. 353 (C.M.A.1979). The appellant's enlistment, however, was not absolutely prohibited by law, regulation, or order. *Cf. United States v. Torres,* 7 M.J. 102 (C.M.A.1979). While such misconduct by a recruiter certainly will not be condoned by this Court, a question exists as to the import of its illegality on jurisdiction within our understanding of the *Russo* doctrine.[1] In any event, this Court has not expanded the *Russo* doctrine to these incidental situations involving waivable regulatory disqualifications which might not properly be deemed "essential prerequisites for enlistment." *United States v. Little,* 1 M.J. 476 (C.M.A. 1976).[2]

---

1. Except in cases involving jurisdictional questions, this Court has not had many opportunities to definitively rule or comment on the type of recruiter misconduct which technically violates Article 84, Uniform Code of Military Justice, 10 U.S.C. § 884. *United States v. Jenkins,* 7 U.S.C.M.A. 261, 264, 22 C.M.R. 51, 54 (1956); *but see* para. 163, Manual for Courts-Martial, United States, 1969 (Revised edition). The absence of such cases suggests, among other things, that enlistment criminality has not existed for the last 30 years or that recruiting has not been adequately supervised, and abuses investigated and prosecuted. *But see United States v. Valadez,* 5 M.J. 470, 473 n. 7 (C.M.A. 1978). In any event, as correctly noted by appellate government counsel, the *Russo* doctrine is concerned with a clearly defined class of recruiter criminality, in violation of Article 84. *See In re Grimley,* 137 U.S. 147, 11 S.Ct. 54, 34 L.Ed. 636 (1890); *United States v. Russo,* 1 M.J. 134 (C.M.A.1975); *see also United States v. Valadez, supra,* at 475. In this light and for the purposes of this jurisdictional doctrine alone, we simply cannot equate even the fraudulent failure to secure a waiver for an otherwise qualified enlistee with the deliberate enlistment of a person who may not be allowed in the service under any circumstances. *See United States v. Valadez, supra.*

2. As pointed out by appellate defense counsel, a waivable regulatory enlistment disqualification was the subject of our review in the recent case of *United States v. Murawsky,* 7 M.J. 353 (C.M.A.1979). There, however, this Court determined that no regulatory disqualification, waivable or nonwaivable, existed as a matter of fact or law. Accordingly, it was unnecessary to decide the present issue in that case and we find that decision offers little, if any, support for the expansive interpretation of *United States v. Russo, supra,* now urged by the appellant. *See also In re Grimley, supra; United States v. Wagner,* 5 M.J. 461, 467 (C.M.A. 1978); *United States v. Burden,* 1 M.J. 89 (C.M.A.1975). In addition, appellate counsel have not brought to our attention any other decisions from this Court which have included a waivable regulatory enlistment disqualification within the ambit of the *Russo* doctrine. Finally, in light of the sheer number of these waivable regulations and their variability among the different services, we cannot find their violation creates the inherently *substantial* vice in the contract contemplated by the Supreme Court in *In re Grimley, supra,* 137 U.S. at 151, 11 S.Ct. 54. *See United States v. Wagner, supra.*

■ Accordingly, in light of the public policy considerations inherent to this area of military law, we will not extend the coverage of the *Russo* doctrine to those situations involving waivable regulatory defects in an accused's enlistment. *See United States v. Valadez, supra.*

The decision of the United States Navy Court of Military Review is affirmed.

COOK, Judge (concurring in the result):

I have various reservations about some comments in the principal opinion, particularly those set forth in footnote 1, and I disassociate myself from them. However, as I agree with the disposition of the case, I concur in the result. *See* my separate opinion in *United States v. Torres,* 7 M.J. 102, 105 (C.M.A.1979).