**UNITED STATES**

v.

**Steven W. HOSFORD, 106 44 9595, Electrician's Mate Fireman Apprentice (E-2), U. S. Naval Reserve.**

**NMCM 79 0781.**

Ꭲ. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 10 Oct. 1978.

Decided 22 June 1981.

CAPT E. A. Burnette, USMC, Appellate Defense Counsel.

CAPT Allan H. Meltzer, USMCR, Appellate Defense Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

**PER CURIAM:**

Appellant contends that the Government does not have *in personam* jurisdiction over him because of an alleged coerced enlistment to avoid civilian prosecution, the alleged advice by the recruiter to appellant not to reveal a prior usage of marijuana, and the failure of the recruiter to record appellant's correct educational background. *See United States v. Russo*, 1 M.J. 134 (C.M.A. 1975); *United States v. Catlow*, 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974).[1]

We find, however, that the facts of record do not support appellant's claim that he was coerced into the Navy in order to escape civilian prosecution. We believe appellant's decision to enlist was voluntary and, although motivated by a desire to escape punishment for his alleged juvenile offense, was made after consultation with his father and his civilian attorney; that the civilian judge also apparently thought it was a good idea is not controlling. Indeed, the trial defense counsel conceded that appellant's enlistment *was* voluntary under a *Catlow* analysis. (R. 22). *See United States v. Wagner*, 5 M.J. 461 (C.M.A. 1978). We do not choose to believe appellant's assertion that he was advised by his recruiter to conceal a prior usage of marijuana; even if we did believe this convenient story, however, we would find that the recruiter's failure to seek and secure the waiver required by regulation did not render the enlistment void as a basis for court-martial jurisdiction inasmuch as such a regulatory defect was waivable. *United States v. Stone*, 8 M.J. 140 (C.M.A. 1979). Finally, we find that appellant's recruiter was at most simply negligent in his incorrect reporting of appellant's completion of high school; this is not sufficient reason to void the original enlistment contract and preclude the exercise of court-martial jurisdiction. *See United States v. Valadez*, 5 M.J. 470 (C.M.A. 1978).

We have otherwise examined the record of trial and conclude that the findings of guilty and the sentence are correct in law and fact and that no error materially prejudicial to the substantial rights of appellant was committed. Accordingly, the findings and the sentence as approved in review below are affirmed.

CEDARBURG, Chief Judge, BAUM, Senior Judge, SANDERS, Judge, GREGORY,

---

1. This Court, at the Government's request, had determined to decide this case sitting *en banc* and had requested that briefs be submitted to address the applicability of the amendments of 9 November 1979 to Article 2, Uniform Code of Military Justice, 10 U.S.C. § 802, to the case at hand. These briefs were submitted and oral arguments made before us; however, after closer scrutiny of the record, it was decided that resolution of the *in personam* jurisdiction issue was not dependent upon the applicability of the amendments to Article 2. The effect of the Article 2 amendments was discussed by this Court in *United States v. Marsh*, 11 M.J. 698 (N.C.M.R. 1981) (*en banc*).

Senior Judge, BOHLEN, Judge, ABERNATHY, Judge, DONOVAN, Judge,[2] KERCHEVAL, Judge and GLADIS, Judge, concur.