## UNITED STATES

v.

**Steven GENNOSA, 124 42 2746, Private First Class (E–2), U. S. Marine Corps.**

**NMCM 80 2217.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 13 Dec. 1979.

Decided 23 June 1981.

LCDR Kerry T. Davidson, JAGC, USN, Appellate Defense Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

Before GREGORY, BOHLEN and GLADIS, JJ.

GLADIS, Judge:

The issue in this case is whether the special court-martial which convicted the accused lacked personal jurisdiction because of recruiter misconduct in procuring his enlistment. We find jurisdiction because the

**2.** Judge Donovan signed in concurrence prior to his detachment from this Court on 1 June 1981.

recruiter misconduct involved waivable regulatory defects. *United States v. Stone*, 8 M.J. 140 (C.M.A.1979).

After the jurisdictional issue was litigated at trial, the military judge found that the accused was ineligible to enlist because he had committed the criminal offenses of assault, battery, and sale of narcotics and that the recruiter who enlisted him knew he was ineligible. The judge found that under the law in effect at the time of his enlistment the accused's status did not change from civilian to military, but he denied the defense motion to dismiss, relying on the *ex post facto* application of the amendments to Article 2, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 802.[1] *United States v. Russo*, 1 M.J. 134 (C.M.A.1975).

Applicable regulations at the time of the accused's enlistment prohibited the enlistment without a waiver of applicants who admitted using or being involved in the abuse of marijuana and other dangerous drugs and chemicals. Applicants admitting the commission of an offense were required to obtain three personal character references. The regulations provided that applicants "who require a waiver of standards must possess a high school diploma or certificate of high school equivalency, *no exceptions.*" MCO P 1100.74 of 3 January 1977 (MPPM ENLPROC), paragraphs 2011.-1w.(1), 2012.2, 2014.4.

The accused was enlisted without obtaining a waiver for drug abuse or character references. He was not a high school graduate, although he produced a letter which falsely stated he had completed high school. The military judge made no finding as to whether the recruiter knew the letter was false.[2] Viewed, however, in the light most favorable to the accused the evidence gives rise to the inference that the recruiter knew the letter was false.

The retroactive application of the Article 2 amendments as a basis for jurisdiction violates the Constitutional prohibition against *ex post facto* legislation. *United States v. Marsh*, 11 M.J. 698 (N.M.C.M.R. 1981) (*en banc*). Under the law in effect at the time of the accused's enlistment and at the time he committed the offenses alleged under two of the three charges, as enunciated in *United States v. Russo, supra,* when a recruiter knowingly enlisted an individual who had given timely notice that he was ineligible for military service, the enlistment was void for the purposes of court-martial jurisdiction and the Government was precluded from relying on a constructive enlistment to predicate jurisdiction.[3]

When the military judge ruled that the accused's enlistment was void under the law in effect at the time of its procurement, he did not have the benefit of the decision of the Court of Military Appeals in *United States v. Stone, supra.* The precedent provided by this court was subsequently held to be erroneous. *See United States v. Robbins,* 7 M.J. 618 (N.C.M.R.1978) (court-martial jurisdiction cannot be based on an enlistment procured by a recruiter who knew the accused was ineligible without a waiver and concealed the defect instead of obtaining a waiver), *rev'd,* 9 M.J. 12 (C.M.A. 1980). In *Stone* the Court held that the *Russo* doctrine did not apply to recruiter misconduct involving waivable regulatory defects in an accused's enlistment. Thus recruiter misconduct in enlisting an individual whom the recruiter knew to be ineligible without a waiver would not void the enlistment as a basis for court-martial jurisdiction even though the recruiter concealed the defect and did not obtain a waiver.

---

1. 10 U.S.C. § 802 (1970), *as amended by* Department of Defense Authorization Act of 1980, Pub.L. No. 96–107, § 801(a), (b), and (c), 93 Stat. 810.

2. If the recruiter did not know the letter was false, his other misconduct would not render the accused's enlistment void as a basis for court-martial jurisdiction, because the defects that the recruiter was aware of were waivable.

*United States v. Stone, supra. See United States v. Valadez,* 5 M.J. 470 (C.M.A.1978).

3. Inasmuch as the offense alleged under Charge III was committed after the effective date of the Article 2, UCMJ, amendments, the court-martial had jurisdiction over the person of the accused with respect to this offense. *Cf. United States v. Marsh, supra.*

Accordingly, if the record shows that the defects in the accused's enlistment were regulatory and waivable, we may affirm even though the military judge erroneously ruled that the accused's enlistment was void under the law in effect at the time it was procured and based his finding of jurisdiction on the erroneous retroactive application of the Article 2 amendments.

 The accused's preservice involvement in drug abuse and assault were waivable regulatory defects. The only question is whether deliberate disregard of the regulatory provision that applicants who require a waiver must possess a high school diploma or its equivalent voided the accused's enlistment as a basis for court-martial jurisdiction. We find that it did not. The provision merely prescribes the requirements for obtaining a waiver. Failure to follow the prescribed procedure or to meet the prescribed requirements for obtaining a waiver will not void an enlistment as a basis for court-martial jurisdiction, as long as the defect in the enlistment is merely a waivable regulatory defect. If deliberate concealment of such a defect and failure to seek a waiver will not void an enlistment, then any action by the recruiter, the gist of which is an intentional failure to comply with the requirements for obtaining a waiver, will not void the enlistment. Thus, a failure to conduct the thorough investigation required or obtain the necessary character references and high school diploma will not void an enlistment. Therefore, we conclude that the court-martial which tried the accused had personal jurisdiction over him.

The findings of guilty and sentence as approved on review below are affirmed.

Judge BOHLEN concurs.

Senior Judge GREGORY absent.