UNITED STATES

v.

Thomas Richard SWANSON, 534 70 5585, Fireman Apprentice (E–2), U. S. Naval Reserve.

NMCM 80 1634.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 11 Feb. 1980.

Decided 25 Jan. 1982.

CAPT Joseph M. Poirier, USMC, Appellate Defense Counsel.

LT William C. Martucci, JAGC, USNR, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BOHLEN and BYRNE, JJ.

GLADIS, Senior Judge:

Appellant was charged with willful destruction of government property after he had cut 29 communication cables on board USS HUNLEY (AS–31), a violation of Article 108, Uniform Code of Military Justice

(UCMJ), 10 U.S.C. § 908. Appellant pled guilty by exception and substitution to negligent destruction of government property. A general court-martial composed of officer members found appellant guilty as charged and sentenced him to confinement at hard labor for 1 year, reduction to pay grade E–1, and a bad-conduct discharge. The convening authority approved the sentence adjudged. Appellant assigns three errors for our consideration. The first of these errors has merit. The remaining issues are moot.

At the initial Article 39(a), 10 U.S.C. § 839(a) session, appellant moved to dismiss the charges for lack of personal jurisdiction. Appellant alleged that previous use of marijuana, an extensive record of juvenile adjudications, expulsion from high school, and a pending criminal charge, all known to the recruiter, rendered his enlistment void. After extensive personal testimony by appellant, the recruiter, and appellant's mother, as well as documentary exhibits submitted for consideration, the military judge denied appellant's motion.

The following day, appellant renewed his motion to dismiss. Supplemental documentary evidence was received and reflected that during his enlistment appellant had a pending criminal charge for possession of marijuana. An accompanying stipulation of testimony by the custodian of public records unequivocally established that this information would be known to the recruiter. The military judge then granted appellant's motion to dismiss.

Sometime later, the case was reconvened pursuant to an order from the convening authority to reconsider the dismissal in light of the recent, 9 November 1979, amendment to Article 2, UCMJ, 10 U.S.C. § 802. *See* Article 62, UCMJ, 10 U.S.C. § 862. Upon reconsideration, apparently on the basis of the retroactive application of Article 2, UCMJ, the trial judge found that the court did have personal jurisdiction.

Appellant now alleges that a recent decision of this Court renders the military judge's reconsideration improper. We agree.

■■■ Retroactive application of the amendment to Article 2, UCMJ, violates the prohibition against *ex post facto* laws. *United States v. Marsh,* 11 M.J. 698 (N.M.C. M.R.1981) (*en banc*). Consequently, the military judge's reconsideration and ruling based upon the retroactive application of Article 2 is erroneous. Since the reconsideration did not involve any issue of fact and was based solely on the erroneous application of Article 2, the military judges' original findings and ruling which granted appellant's motion to dismiss must control, subject to appellate review.

■■■ Since the resolution of the motion to dismiss for lack of personal jurisdiction does not, in this instance, involve adjudication of an ultimate question of guilt or innocence, the ruling is interlocutory. Paragraphs 57*b* and 68*b*, *Manual for Courts-Martial, 1969 (Rev.)* (MCM); *United States v. Laws,* 11 M.J. 475 (C.M.A.1981); *United States v. Bailey,* 6 M.J. 965 (N.C.M.R. 1979). The decision should be reviewed on the test of abuse of discretion, as is true of all interlocutory matters. *United States v. Buckingham,* 9 M.J. 514 (A.F.C.M.R.1980); 5A CJS *Appeal and Error* § 1643 (1958). The sufficiency of facts to support an interlocutory ruling may be challenged. *United States v. Polas,* 20 UCMA 104, 42 CMR 296 (1970); *United States v. Knudson,* 4 USC-MA 587, 16 CMR 161 (1954).

■■■ The legal standard we apply for analysis of recruiter misconduct, vis-a-vis valid enlistment, has changed since the trial judge ruled.[1] Evolution of this doctrine does not, however, affect the final resolution rendered by the military judge. The *Russo* doctrine[2], as presently construed, does not apply to recruiter misconduct involving waivable regulatory defects in an

---

1. Defense counsel relied heavily upon *United States v. Robbins,* 7 M.J. 618 (N.C.M.R.1978), which has been summarily reversed, 9 M.J. 12 (C.M.A.1980).

2. *United States v. Russo,* 1 M.J. 134 (C.M.A. 1975).

accused's enlistment. Failure to follow prescribed requirements for obtaining a waiver will not void an enlistment as a basis for court-martial jurisdiction as long as the defect is merely a waivable regulatory defect. *United States v. Stone*, 8 M.J. 140 (C.M.A. 1979); *United States v. Gennosa*, 11 M.J. 764 (N.M.C.M.R.1981). Appellant's use of marijuana, expulsion from high school, and previous criminal record are all waivable regulatory defects under the regulations applicable at the time of his enlistment. COMNAVCRUITCOMINST 1130.8A. A pending criminal charge is not, however, a waivable defect. COMNAVCRUITCOMINST 1130.8A, page 2–II–22. Since sufficient evidence exists on the record to support a conclusion that the recruiter knew of a pending criminal charge at the time appellant was enlisted, we cannot say that the military judge abused his discretion by granting appellant's motion to dismiss.

Accordingly, the findings of guilty and sentence are set aside and the charge is dismissed. All rights and privileges which may have been denied appellant as a result of the sentence are hereby restored.

Judge BOHLEN concurs.

BYRNE, Judge (concurring in the result):

I concur in the result because of the precedent established by *United States v. Marsh*, 11 M.J. 698 (N.M.C.M.R.1981) (*en banc*). If, however, I had been a member of this court when *United States v. Marsh, supra*, was decided, I would have joined the dissent.

There are certain basic characteristics of an *ex post facto* law. Any statute that "punishes as a crime an act previously committed, which was innocent when done, which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with a crime of any defense available according to law at the time when the act was committed, is prohibited as *ex post facto*." *Beazel v. Ohio*, 269 U.S. 167, 169–170, 46 S.Ct. 68, 68–69, 70 L.Ed. 216 (1925), cited with approval in *Dobbert v. Florida*, 432 U.S. 282, 292, 97 S.Ct. 2290, 2297, 53 L.Ed.2d 2290 (1977).

The reason that the Constitution prohibits *ex post facto* laws is evident: it enables men and women to conduct their affairs with knowledge as to what acts, or failures to act, are criminal, and what the sanctions will be if they choose to violate the law.

In this regard, in *Dobbert v. Florida, supra*, at 293, 97 S.Ct. at 2298, the United States Supreme Court noted, with approval, the following language from some of its earlier decisions:

> [T]he constitutional provision was intended to secure substantial personal rights against arbitrary and oppressive legislation, ... and not to limit the legislative control of remedies and modes of procedure which do not affect matters of substance. ...

The amendments to Article 2 of the Uniform Code of Military Justice (UCMJ) are procedural in nature. There is no nexus between recruiter misconduct and the commission of a substantive offense. The punitive articles of the UCMJ, and their punishments, have been unaffected by this change. Further, special requirements mandate an explanation of the punitive articles to all enlisted personnel at least twice during their initial enlistment. Article 137, UCMJ. Consequently, service personnel have ample notice of what legal and disciplinary constraints will govern their conduct throughout their military service. As a result, under the guidelines provided by the United States Supreme Court in *Dobbert v. Florida, supra*, there is more than fair warning of what constitutes a violation of the UCMJ. Consequently, neither the spirit nor the letter of the *ex post facto* doctrine has been violated in this case.

Ultimately, I believe the issue really "turns upon how much violence is done to our instinctive feelings of justice and fair play." *Falter v. United States*, 23 F.2d 420, 425–426 (2nd Cir. 1928), (Hand, J.). Those values are clearly in the Government's favor on this issue. In this regard, *see United States v. Marsh, supra*, at 711–712 (Baum, S. J., dissenting).