UNITED STATES

v.

Edward P. ANDREWS, 373 74 2620, Private First Class (E–2), U.S. Marine Corps.

NMCM 78 0250.

U.S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 17 Nov. 1977.

Decided 23 Dec. 1983.

LCDR William A. DeCicco, JAGC, USN, Appellate Defense Counsel.

LT Daniel Lippman, JAGC, USNR, Appellate Defense Counsel.

LCDR Robert T. Gerken, JAGC, USN, Appellate Government Counsel.

Before GLADIS, Senior Judge, and BYRNE and GARVIN, Judges.

GLADIS, Senior Judge:

Among other things, the accused contends that the military offenses of which he was convicted must be dismissed because the court-martial lacked jurisdiction by reason of recruiter misconduct in procuring his enlistment. *See United States v. Marsh,* 15 M.J. 252 (C.M.A.1983). We disagree and affirm because defects such as those in the accused's enlistment, which were concealed

by reason of recruiter misconduct, were waivable at the time he enlisted or became waivable by virtue of a change to recruiting regulations made before the offenses were committed.

Pursuant to his pleas, the accused was convicted by a special court-martial with members of violations of Articles 89, 90, 91, 108, 128, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 889, 890, 891, 908, 928, and 934, and sentenced to a bad-conduct discharge, confinement at hard labor for 5 months, forfeiture of $250.00 per month for 5 months, and reduction to pay grade E-1. The convening authority approved the sentence. The supervisory authority reassessed the sentence to cure perceived errors in trial counsel's argument on sentence and receipt of evidence of a prior nonjudicial punishment and reduced the confinement to 4 months and the forfeitures to $100.00 per month for 4 months.[1] We reversed and dismissed the charges, finding that the Government had not met its burden of showing jurisdiction by establishing beyond a reasonable doubt the absence of recruiter misconduct tantamount to a violation of the fraudulent enlistment statute. *United States v. Andrews*, No. 78 0250 (NCMR 12 October 1978) (unpublished). The Court of Military Appeals reversed our decision and remanded the case for consideration in the light of *United States v. Marsh, supra; United States v. McDonagh*, 14 M.J. 415 (C.M.A.1983); *United States v. Stone*, 8 M.J. 140 (C.M.A.1979); and *United States v. Torres*, 7 M.J. 102 (C.M.A.1979). *United States v. Andrews*, 15 M.J. 473 (C.M.A.1983) (summary disposition).

At trial the accused testified in support of the defense motion to dismiss the charges because the court-martial lacked personal jurisdiction. He stated that he advised the recruiter that he had adult felony and juvenile records and that he was on probation. He also admitted that he had smoked marijuana. The recruiter advised the accused that he could not enlist until he was no longer on probation and his record had been expunged. The accused explained the situation to his probation officer who told him that his probation could not be terminated until he could show that he was in the Marine Corps. The accused testified that he returned to the recruiter who enlisted him in the delayed enlistment program. The accused then gave proof of his enlistment to the probation officer who obtained an order terminating his probation and expunging his record. The accused advised the recruiter of this and was transported by him to the Armed Forces Examining and Entrance Station (AFEES) on the following day in order he might be enlisted in the regular Marine Corps by another recruiter.[2] The accused was advised by the first recruiter to conceal his record and use of marijuana. He did.

In *United States v. Russo*, 1 M.J. 134 (C.M.A.1975), the Court noted that the necessary prerequisite to effect a voluntary change in status from civilian to soldier is a valid enlistment contract or a legitimate constructive enlistment and held that, because fraudulent enlistments are not in the public interest, where recruiter misconduct in procuring an enlistment amounts to a violation of the fraudulent enlistment statute, Article 84, UCMJ, 10 U.S.C. § 884, the resulting enlistment is void as contrary to public policy. The Court cited its prior holding, *United States v. Brown*, 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974), that fairness prevents the Government from relying upon a constructive enlistment as a jurisdictional base where Government agents acted

---

1. Trial counsel's argument was proper. *United States v. Tschida*, 1 M.J. 997 (N.C.M.R.1976) (trial counsel may properly argue for a specific sentence). Evidence of the prior nonjudicial punishment was properly admitted. *United States v. Syro*, 7 M.J. 431 (C.M.A.1979).

2. As pointed out in our decision in *United States v. Roe*, 15 M.J. 818 (N.M.C.M.R.1983) an applicant cannot be enlisted prior to processing at AFEES. Therefore, the accused's description of the sequence of events was inaccurate. We did not, however, note this discrepancy in our original decision and for the purposes of this appeal need not reevaluate or reject the accused's version.

improperly in securing an individual's enlistment and said that the Government would be obligated to terminate an enlistment where a recruiter knowingly enlisted or aided in enlisting an individual who had given timely notice that he was disqualified for military service.

In *United States v. Torres, supra,* the Court held that where, at the time of his enlistment in the Marine Corps Reserve "J" program, the accused informed a recruiter of his use of marijuana, then an absolute bar to enlistment, and the recruiter advised him to deny it, and the accused did deny it when he enlisted in the regular Marine Corps 22 days later, the Government was required to establish affirmatively that the first recruiter did not occasion the second enlistment on which court-martial jurisdiction was based.

In *United States v. Stone, supra,* the Court held that the *Russo* doctrine did not apply to recruiter misconduct involving waivable regulatory disqualifications and affirmed a finding of jurisdiction where a recruiter knew of the accused's use of marijuana, a disqualification which was waivable at the time, and concealed it.

■ Congress amended Article 2, UCMJ, 10 U.S.C. § 802, in order to overrule *United States v. Russo, supra.* Pub.L. No. 96–107, § 801(a), (b), and (c), 93 Stat. 810, S.Rep. No. 197, 96th Cong., 1st Sess. 121–123, U.S. Code Cong. & Admin.News, 1979, p. 1818. The Court of Military Appeals subsequently held that retroactive application of the Article 2 Amendments to purely military offenses violated the Constitutional prohibition against *ex post facto* laws.[3] *United States v. Marsh, supra.*

■ Applying the principles enunciated above to the facts of this case, we conclude that, although some of the offenses of which the accused was convicted were purely military and were committed before the Article 2 amendments, the court-martial

which tried him had personal jurisdiction. When the accused enlisted in the regular Marine Corps he was ineligible to enlist without prior approval of the Commandant of the Marine Corps by reason of his adult felony conviction and juvenile felony adjudications. His prior use of marijuana was an absolute bar to enlistment. MCO P 1100.61C, para. 2110.1g and w. Since his probation had been terminated this was no longer a bar to enlistment. *Cf. United States v. Murawsky,* 7 M.J. 353 (C.M.A. 1979). Assuming that the actions of the recruiter, who knew of the accused's felony record and marijuana use and advised him to conceal them, occasioned his enlistment in the regular Marine Corps, we do not find that these actions precluded the exercise of court-martial jurisdiction over the accused. Concealment of the waivable disqualification was not a bar to court-martial jurisdiction. *United States v. Stone, supra.* Although use of marijuana was an absolute bar to enlistment when the accused enlisted in the regular Marine Corps on 28 September 1976, a subsequent change to recruiting regulations removed the absolute bar and permitted enlistment with the prior approval of the commanding general of the appropriate recruit depot of applicants who admitted to using marijuana. MCO P 1100.74 of 3 January 1977, para. 2011.1w. The accused received all his pay and allowances from 28 September 1976. R. 13. The offenses were committed after 3 January 1977. Since the absolute disqualification was removed by the change in regulation, the Government may properly rely on a valid constructive enlistment here. The accused could and did change his status after removal of the condition of ineligibility. *United States v. Overton,* 9 U.S.C.M.A. 684, 688, 26 C.M.R. 464, 468 (1958). *See United States v. Catlow,* 23 U.S.C.M.A. 142, 146, 48 C.M.R. 758, 762 (1974).

■ We realize the Court of Military Appeals has held that fairness prevents the

---

**3.** The Article 2 amendments may be applied retroactively to offenses which are not purely military in nature. *United States v. McDonagh, supra.* If some offenses committed by accused are purely military and others are not,

the Article 2 amendments do not apply retroactively to, and there is no personal jurisdiction over, the military offenses. *See United States v. Long,* 15 M.J. 472 (C.M.A.1983) (summary disposition).

Government from relying upon a constructive enlistment as a jurisdictional base where Government agents acted improperly in securing an individual's enlistment. *See United States v. Russo, supra. Also see United States v. Harrison,* 5 M.J. 476, 481 (C.M.A.1978). The rationale for this holding was that, since fraudulent enlistments are not in the public interest, to permit reliance upon subsequent constructive enlistments as jurisdictional bases is to encourage fraudulent enlistments in the hope that they will ripen into valid constructive enlistments. *Id.; United States v. Brown, supra.* But, not every improper or fraudulent action by Government agents will void an enlistment. *United States v. Stone, supra; United States v. Long,* 17 M.J. 661 (N.M.C.M.R.1983). Thus fraudulent failure to secure for an otherwise qualified enlistee a waiver of a waivable regulatory disqualification, which is not an essential prerequisite for enlistment, will not void an enlistment. Such a disqualification is not based upon a strong public policy, because it is waivable. Basing jurisdiction on an enlistment effected by Government agents in violation of a waivable regulation does not violate public policy. If a nonwaivable regulation is changed and made waivable, basing jurisdiction on an enlistment effected by Government agents in violation of the original nonwaivable regulation before the change, does not violate public policy, because the policy reflected in the regulation is no longer strong enough to warrant the drastic result of defeating court-martial jurisdiction. Public policy today neither absolutely bars the enlistment of an applicant with the disqualification nor discourages such an enlistment. Reliance upon such an enlistment as a jurisdictional basis does not encourage an enlistment which violates public policy. Therefore, the Government here may rely as a basis for court-martial jurisdiction upon the constructive enlistment, which occurred with receipt of pay and allowances by the accused after removal of the absolute regulatory disqualification.

The remaining assignments of error lack merit.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Judge BYRNE and Judge GARVIN concur.