**UNITED STATES, Appellee,**

v.

**Private E–1 Jeffrey C.W. HIRSCH, 009–40–8666, United States Army, Appellant.**

**ACMR 8702361.**

U.S. Army Court of Military Review.

24 June 1988.

For appellant: James P. Coleman, Esquire, Lieutenant Colonel Russell S. Estey, JAGC, Major Eric T. Franzen, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Kathryn F. Forrester, JAGC, Captain Eva M. Novak, JAGC (on brief).

Before HOLDAWAY, De GIULIO, and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Senior Judge: [*]

Pursuant to his pleas, appellant was found guilty of felony murder and robbery. A general court-martial consisting of officer members sentenced appellant to a dishonorable discharge, confinement for life and forfeiture of all pay and allowances. The convening authority approved the sentence.[1]

Appellant alleges that the military judge erred by not granting his motion to dismiss the charges and specifications for lack of personal jurisdiction and by failing to dismiss the charges and specifications due to lack of a speedy trial. Appellant further alleges that the military judge should have found felony murder multiplicious for findings with robbery. We disagree that the military judge erred in the first two instances. With respect to the multiplicity allegation, in an abundance of caution, we will set aside the findings of guilty to rob-

---

[*] Senior Judge Anthony P. De Giulio took final action in this case prior to his reassignment.

1. Appellant's pleas were pursuant to a pretrial agreement. Although charged with robbery and premeditated murder during a robbery, appellant agreed to plead guilty to robbery and felony murder. In exchange, the convening authority agreed to refer the case as noncapital. The government did not present evidence on premeditation.

bery and dismiss that charge and specification.

The evidence of record reflects that appellant was drinking with friends at a local bar in the Federal Republic of Germany. At about midnight, he went to the train station to catch the last train going to the vicinity of his unit. At the train station, appellant stabbed and robbed Mr. Thomas Krogull, a German national. Although appellant maintained that Mr. Krogull made disparaging remarks about Americans which caused appellant to lose his temper and stab Mr. Krogull nine times, other evidence indicates that Mr. Krogull was intoxicated and lying on a bench, sleeping, just prior to the assault. After the stabbing, appellant took ten Deutsche Marks from Mr. Krogull's wallet and ran. He then returned to the scene of the crime and attempted to assist emergency personnel administering aid to Mr. Krogull. Mr. Krogull died an estimated two minutes after the infliction of the stab wounds.

## I. Jurisdiction

Appellant alleges that the court-martial lacked personal jurisdiction over him because his enlistment was involuntary since he was not mentally qualified at the time of the enlistment. He also argues that there are no grounds on which to find constructive enlistment. Appellant contends that he was under the influence of marijuana when he spoke to the recruiter and when he took the oath. Consequently, he states that his contract is void. He further alleges that the recruiter engaged in misconduct by advising him not to disclose that he had been detained overnight by police, that his use of alcohol resulted in his arrest, that he had lost two jobs because of alcohol abuse, and that he had been formally committed to a mental institution.

At trial, the military judge found that appellant's prior use of intoxicants did not interfere with his ability to understand the significance of enlistment, and that his memory of the events surrounding the enlistment was remarkably clear. The military judge further found that appellant submitted voluntarily to military authority, performed all required military duties without complaint, received pay and allowances, manifested a desire to stay in the military, and made no protest about his status through official channels. Finally, the military judge found that appellant, at the time of his enlistment, was eighteen years old and met the statutory mental competency requirements. The military judge concluded that the court-martial had jurisdiction to try the accused.

In *United States v. Russo*, 1 M.J. 134 (C.M.A.1975), a case upon which appellant relied at trial, it was held that recruiter misconduct during the enlistment process voided the enlistment contract and precluded the government from establishing constructive enlistment or otherwise proving jurisdiction. Article 2, Uniform Code of Military Justice [hereinafter UCMJ], was amended by Congress to overrule *Russo* and precludes a military member who voluntarily enters the service and routinely serves from raising defects in the enlistment for the first time after committing an offense. *United States v. Quintal*, 10 M.J. 532 (A.C.M.R.1980), aff'd, 15 M.J. 278 (C.M.A.1983). There is ample evidence of record to support the military judge's findings that appellant had the capacity to understand the significance of enlisting in the armed forces, that his enlistment was voluntary and valid for the purposes of jurisdiction, and that his status changed from civilian to a member of the armed forces upon his taking the oath of enlistment. *See* UCMJ art. 2(b), 10 U.S.C. § 802(b). There also is ample evidence to support the military judge's finding of constructive enlistment because appellant submitted voluntarily to military authority, met the statutory mental competence and minimum age requirements at the time of voluntary submission to military authority, received pay and allowances, and performed military duties. *See* UCMJ art. 2(c). The military judge's findings of fact should not be disturbed unless they are unsupported by the evidence of record or are clearly erroneous. *United States v. Burris*, 21 M.J. 140, 144 (C.M.A.1985); *United States v. Middleton*, 10 M.J. 123, 133 (C.M.A.1981). We find that the military judge's findings are sup-

ported by the record. We hold, therefore, that the court-martial had jurisdiction over appellant.

## II. Speedy Trial

■ Appellant alleges that he was not brought to trial within 90 days of his confinement in violation of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 707(d) [hereinafter R.C.M. or Rule], and *United States v. Burton*, 44 C.M.R. 166 (C.M.A.1971). His allegation of error centers around trial defense counsel's request on 22 April 1987 for a psychiatric evaluation and the resultant sanity board. The written sanity board findings were provided to trial defense counsel on 31 July 1987. Although appellant recognizes that R.C.M. 707(c)(1)(A) excludes from government accountability reasonable delays resulting from examination into an accused's mental capacity and responsibility, he contends that the delay is unreasonable and that the government should be accountable for 102 days. The stipulated chronology in this case reflects that on 27 April 1987 the trial defense counsel requested an indefinite delay pending results of the psychiatric evaluation, that trial defense counsel provided material to be considered by the sanity board on 2 June, and that the sanity board results were delayed because a witness who was a friend of the accused missed his initial appointment with the board. In addition, it was stipulated that the psychiatrist who was appointed to conduct the sanity board would testify that this was a particularly complex case requiring psychological testing and interviewing of an outside witness. Also, there were numerous interviews by the psychiatrist with the defense counsel in order to ensure that the complete psychiatric background of appellant was considered. The psychiatrist concluded that he could not have proceeded much more quickly and still have completed a professional evaluation.

The military judge, after hearing all the evidence, found that the hospital did not give and the government did not request priority for sanity board requests for soldiers in pretrial confinement. However, he also found appellant's case was particularly complex because it required psychological testing, an interview with an outside witness, and consultation with the defense counsel to ensure essential aspects were considered before the report was completed. The military judge concluded the time for processing the final report was reasonable under the circumstances.

It has been held that reasonable delay to permit a defense requested psychiatric examination is not chargeable to the government. *United States v. Colon–Anguerira*, 16 M.J. 20 (C.M.A.1983). Rule 707(c)(1)(A) excludes from government accountability any period of delay resulting from an examination into the mental capacity or responsibility of the accused. Although there were short periods of delay in processing the sanity board in this case, the touchstone for measurement of compliance with the speedy trial rules is not constant motion, but reasonable diligence in bringing the charges to trial. *See United States v. Tibbs*, 35 C.M.R. 322, 325 (C.M.A.1965); *United States v. Demmer*, 24 M.J. 731, 735 (A.C.M.R.1987).

In the case before us, the military judge found that the "... complexity of this case makes the time [the psychiatrist] took to accomplish his first report reasonable under the circumstances." The military judge's findings of fact should not be disturbed unless they are unsupported by the evidence of record or are clearly erroneous. *Burris*, 21 M.J. at 140, 144; *Middleton*, 10 M.J. at 123, 133; *United States v. McCallister*, 24 M.J. 881, 887 (A.C.M.R.), *petition granted*, 26 M.J. 171 (C.M.A.1987). We find no reason to disturb the military judge's findings. Therefore, we hold that appellant was not denied a speedy trial.

## III. Multiplicity

■ Appellant's remaining allegation of error is that the military judge erred by failing to find felony murder multiplicious for findings with robbery. This court recognizes that once the exigencies of proof have been met where the felony and murder are charged as separate offenses, the felony should be dismissed as multiplicious for findings. *United States v. Dodson*, 21 M.J. 237, 238 (C.M.A.1986); *United States*

*v. Teeter*, 16 M.J. 68, 72 (C.M.A.1983). It is noted that appellant did not raise this claim of multiplicity before the trial court. His failure to make an appropriate motion may be fatal to his appellate claim. *See United States v. Jones*, 23 M.J. 301, 303 (C.M.A. 1987). In an abundance of caution, however, we will dismiss Charge II and its Specification. Assuming *arguendo* that the issue was not waived, we are satisfied that appellant suffered no prejudice with regard to the sentence. *See Dodson*, 21 M.J. at 238.

The findings of guilty of Charge II and its Specification are set aside and that charge and specification are dismissed. The remaining findings of guilty and the sentence are affirmed.

Chief Judge HOLDAWAY and Judge CARMICHAEL concur.